**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **IN RE:** | 14-MD-2543 (JMF) |
| **GENERAL MOTORS LLC IGNITION SWITCH LITIGATION** | Hon. Jesse M. Furman |

**MOTION FOR CERTIFICATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(b) AND ENTRY OF FINAL JUDGMENT UNDER FRCP 58**

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ...................................................................................................................1

FACTUAL BACKGROUND ......................................................................................................2

ARGUMENT ..........................................................................................................................5

    I.    This Court Should Certify Its November 8, 2019 Order as Final, Finding No Just Reason for Delay of Its Appeal........................................................................................5

        A.  The Court's November 8, 2019 Order May Not Be Deemed Final Without 54(b) Certification ..........................................................................................5

        B.  Certification Pursuant to Rule 54(b) is Appropriate and Warranted .................8

    II.   This Court Should Also Enter a Separate Document Entering Final Judgment Pursuant to Rule 58.................................................................................................................11

CONCLUSION.......................................................................................................................13

## <u>TABLE OF AUTHORITIES</u>

**<u>Statutory Provisions</u>**

28 U.S.C. § 1291 ........................................................................................1, 5, 6, 7, 12


**<u>Court Rules</u>**

Fed. R. of Civ. P. 54(b) ...............................................................1, 5, 6, 7, 8, 9, 11, 12, 13

Fed. R. of Civ. P. 58 ...........................................................................1, 5, 11, 12, 13

Fed. R. of Civ. P. 79 .....................................................................................11, 12


**<u>Cases</u>**

*Acha v. Beame,*
    570 F.2d 57 (2d Cir.1978) ........................................................................8

*Campbell v. Westmoreland Farm, Inc.,*
    403 F.2d 939 (2d Cir. 1968) .............................................................8, 9, 11

*Cullen v. Margiotta,*
    811 F.2d 698 (2d Cir.) ........................................................................9

*Curtiss-Wright Corp. v. Gen. Elec. Co.,*
    446 U.S. 1 (1980) ........................................................................8, 9, 10

*Ellender v. Schweiker,*
    781 F.2d 314 (2d Cir. 1986) ...................................................................12

*In re Avandia Marketing, Sales Practices and Products Liability Litigation,*
    617 Fed. Appx. 136 (3d Cir. 2015) .......................................................6, 7, 10

*In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluamine) Products Liability Litigation,*
    401 F.3d 143 (3d Cir. 2005) (citing *Catlin v. United States,* 324 U.S. 229 (1945) ...............
    ....................................................................................................5, 6, 7

*Nassau County Republican Committee v. Cullen,*
    483 U.S. 1021 (1987) ........................................................................9

*Sears, Roebuck & Co. v. Mackey,*
    351 U.S. 427 (1956) ........................................................................8, 9

*Turner v. Air Transp. Lodge 1894 of Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*,
 585 F.2d 1180 (2d Cir. 1978)...........................................................................................12

*United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs.--Charco
 Redondo Butane*,
 763 F. Supp. 729 (S.D.N.Y. 1990) (citing *Hudson River*, 891 F.2d) .................8, 9, 10, 11

COMES NOW, Langdon & Emison, LLC (L&E) and moves for this Court to certify its November 8, 2019 Order as a final judgment with no just reason for delay pursuant to Federal Rule of Civil Procedure (Rule) 54(b) and for its entry of such judgment in a separate document in accordance with Rule 58.

## **INTRODUCTION**

Pursuant to 28 U.S.C. § 1291, the courts of appeals have jurisdiction only over *__final__* decisions, subject to limited exceptions. At the time of the entry of this Court's November 8, 2019 Order, the Order was not final because it did not end the litigation upon the merits, leave nothing for the Court to do but execute the judgment, or dispose of all claims or rights and liabilities of all parties. A judgment was also not entered in the docket as a separate document as required by Rule 58. However, because the settlements encompassed by the Order have since become binding, and the common benefit assessment obligation imposed by the Order can now be reduced to a final amount, L&E requests that this Court certify that its Order is now a final judgment and find that there is no just reason for delay of an appeal of the Order pursuant to Rule 54(b). L&E also requests entry of such judgment in a separate document in accordance with Rule 58.

## **FACTUAL BACKGROUND**

As this Court is aware, Langdon & Emison represents plaintiffs and claimants alleging that they sustained injuries as a result of the defective ignition switch of General Motors LLC (New GM). On September 27, 2019, L&E filed a Motion for Declaratory Judgment seeking this Court's declaration that MDL Order No. 42 establishing a common benefit fee and expense fund did not apply to certain of L&E's state-court filed and unfiled settled cases based on the Order's plain language and the MDL court's lack of jurisdiction over such cases. Mot. for Declaratory J. on Assessments for State Filed and Unfiled Cases & Mem. in Supp., *In re General Motors LLC*

1

*Ignition Switch Litig.* (*GM Ignition Switch*), Case No. 14-MD-2543 (S.D.N.Y. Sept. 27, 2019) (ECF 7204, *et. seq.*).[1]

At the time of the filing of L&E's Motion for Declaratory Judgment, L&E had entered into two aggregate settlements with New GM, neither of which were final nor binding at that time. *See* Aff. of Brett A. Emison at ¶ 3-4; s*ee* Joint Mot. to Approve the Establishment of the Langdon Claimants GM Ignition Switch Qualified Settlement Fund Trust Agreement, *GM Ignition Switch*, Case No. 14-MD-2543 (S.D.N.Y. Mar. 22, 2019) (ECF 6597); Joint Mot. to Approve the Establishment of the Langdon Pre-Bankruptcy Claimants GM Ignition Switch Qualified Settlement Fund Trust Agreement, *GM Ignition Switch*, Case Nos. 14-MD-2543 (S.D.N.Y. May 3, 2019) (ECF 6740). For both of those aggregate settlements, L&E and New GM jointly requested that this Court appoint a Special Master, approve the creation of a settlement trust fund, and supervise and exercise continuing jurisdiction over the trust. *Id.*; Joint Mot. for Appointment of Daniel J. Balhoff as Special Master, *GM Ignition Switch*, Case No. 14-MD-2543 (S.D.N.Y. Mar. 22, 2019) (ECF 6596); Joint Mot. for Appointment of Daniel J. Balhoff as Special Master, *GM Ignition Switch*, Case No. 14-MD-2543 (S.D.N.Y. May 3, 2019) (ECF 6739). The Court granted those motions. Order Approving the Establishment of the Langdon Claimants GM Ignition Switch Qualified Settlement Fund Trust Agreement, *GM Ignition Switch*, Case Nos. 14-MD-2543 (S.D.N.Y. Mar. 26, 2019) (ECF No. 6607); Order Appointing Daniel J. Balhoff as Special master in the Settlement of Certain Cases, *GM Ignition Switch*, Case No. 14-MD-2543 (S.D.N.Y. Mar. 26, 2019) (ECF No. 6608); Order Approving the Establishment of the Langdon Pre-Bankruptcy Claimants GM Ignition Switch Qualified Settlement Fund Trust Agreement, *GM Ignition Switch*,

---

[1] Lead Counsel filed a Response in Opposition on October 11, 2019. *GM Ignition Switch*, Case Nos. 14-MD-2543, 14-MC-2543 (ECF 7272). L&E filed a Reply on October 18, 2019. *GM Ignition Switch*, Case Nos. 14-MD-2543, 14-MC-2543 (ECF 7301).

Case No. 14-MD-2543 (S.D.N.Y. May 7, 2019) (ECF No. 6746); Order Appointing Daniel J. Balhoff as Special Master in the Settlement of Certain Cases, *GM Ignition Switch*, Case No. 14-MD-2543 (S.D.N.Y. May 7, 2019) (ECF No. 6747).

On November 8, 2019, the Court denied L&E's Motion for Declaratory Judgment, stating that it had jurisdiction over L&E's state-court filed and unfiled cases because they were part of master settlement agreements submitted to the court for appointment of a Special Master and establishment of a trust.[2] Mem. Op. & Order (hereinafter "the Order") at 6-9, *GM Ignition Switch*, Case Nos. 14-MD-2543, 14-MC-2543 (S.D.N.Y. Nov. 8, 2019) (ECF 7377). Accordingly, this Court deemed the cases "to have been 'filed in' or 'removed to this Court and included as part of the MDL'" under paragraph 11 of Order No. 42 and thus subject to the three percent assessment under that Order. (ECF 7377 at 6.)

Significantly, at the time of the Court's Order of November 8, 2019, one of L&E's aggregate settlements encompassed by its September 27, 2019 Motion remained subject to finalization and could still be terminated (hereinafter "the second aggregate settlement"). *See* Aff. of Brett A. Emison at ¶ 7. New GM just recently confirmed on January 8, 2020 that the necessary steps to bind the parties to the second aggregate settlement agreement were met. *See* Aff. of Brett A. Emison at ¶ 8. On or about that date, New GM also finalized which claimants met the requirements to participate in the settlement. *See id.*

Also at the time of the Court's Order, there were still claims pending in this MDL, including claims subject to settlements of other firms and claims not subject to any settlement. Joint Letter,

---

[2] There are currently additional motions before this Court regarding whether state-court filed and unfiled cases qualify as "Common Benefit Actions" subject to the assessment under the Common Benefit Fee Order that did not submit any master settlement agreements to the court for appointment or establishment of such. *See* Mot. for Declaratory J. on Assessments for Missouri State-Court Filed and Unfiled Cases, *GM Ignition Switch*, Case No. 14-MD-2543 (S.D.N.Y. Nov. 6, 2019) (ECF 7368); Mot. for Declaratory J. on Assessments for State Filed and Unfiled Cases, *GM Ignition Switch*, Case No. 14-MD-2543 (S.D.N.Y. Nov. 14, 2019) (ECF 7398).

*GM Ignition Switch*, Case No. 14-MD-2543 (S.D.N.Y. Dec. 17, 2019) (ECF 7629) (regarding additional claims that remain pending in the MDL). L&E also represented additional claimants with claims not yet settled, including some of which were filed in the MDL and others which were unfiled. *See* Aff. of Brett A. Emison at ¶ 5. These cases were thus not subject to L&E's September 27, 2019 Motion[3] and, although L&E has since reached a potential aggregate settlement on behalf of its remaining claimants,[4] the terms are not final at this time nor have the cases been submitted to the Court for appointment of a Special Master, establishment of a Qualified Settlement Fund, or supervision of any such trust. *See* Aff. of Brett A. Emison at ¶ 5.

## ARGUMENT

### I.    This Court Should Certify Its November 8, 2019 Order as Final, Finding No Just Reason for Delay of Its Appeal

Because the Court's November 8, 2019 Order was not a final or appealable order at the time it was entered, L&E requests this Court certify its Order as final and find that there is no just reason for delay to allow L&E the ability to appeal the Order. L&E further requests the Court enter judgment regarding its decision in accordance with Rule 58's separate document requirement.

### A.    The Court's November 8, 2019 Order May Not Be Deemed Final Without 54(b) Certification

Pursuant to 28 U.S.C. § 1291, the courts of appeals have jurisdiction only over ***final*** decisions, subject to limited exceptions. "A decision of the district court is 'final' if it 'ends litigation upon the merits and leaves nothing for the court to do but execute the judgment.'" *In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluamine) Products Liability Litigation* (*In re Diet*

---

[3] *See* Affidavit of Brett A. Emison at ¶ 5; Letter addressed to Judge Jesse M. Furman from The Firms dated November 22, 2019 re: The Parties' Positions to Order No. 42, n. 1, *GM Ignition Switch*, Case No. 15-MD-2543 (S.D.N.Y. Nov. 22, 2019) (ECF 7485).

[4] *See* Joint Letter, *GM Ignition Switch*, Case No. 15-MD-2543 (S.D.N.Y. Dec. 16, 2019) (ECF 7625).

*Drugs*), 401 F.3d 143, 156 (3d Cir. 2005) (citing *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Further, under Rule 54(b), any order that disposes of "fewer than all of the claims or the rights and liabilities of fewer than all the parties" is not a final, appealable order unless reasoned and certified as such by the district court. Rule 54(b) provides: "When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay…"

At the time of the entry of this Court's November 8, 2019 Order, the Order did not end the litigation upon the merits and leave nothing for the Court to do but execute the judgment nor did the Order dispose of all claims or rights and liabilities of all parties to this MDL. *In re Diet Drugs* further illustrates that this Court's November 8, 2019 Order was and is not final and appealable without further action by this Court.

In *In re Diet Drugs*, the Third Circuit held that an interim award of fees was not final under 28 U.S.C. § 1291 because an additional final award was anticipated. *In re Avandia Mktg., Sales Practices and Prods. Liab. Litig. (In re Avandia)*, 617 Fed. Appx. 136, 139 (3d Cir. 2015) (citing *In re Diet Drugs*, 401. F.3d at 156). As stated by Third Circuit, because "further and additional action by the district court" regarding the fee litigation was anticipated, the interim award merely continued and did not conclude the issue. *Id.* In reaching its conclusion, the court cited the district court's determination that "[m]any issues regarding interpretation of the Settlement Agreement, the operation and funding of the Trust, and the payment of benefits to Class Members remained to be resolved." *In re Diet Drugs*, 401 F.3d at 150.

Certain appellants in *In re Diet Drugs I* nevertheless argued that the pretrial orders were final as to them, either with respect to certain assessments or their share in the interim and future fee awards, even if the total compensation due to all counsel had yet to be determined. Though the Third Circuit rejected that argument, holding that "the pretrial orders could not be considered 'final' with respect to specific fee claims," it further noted that the appellants had not sought or obtained a Rule 54(b) certification that the order was final and appealable as required when it "disposes of 'fewer than all of the claims or the rights and liabilities of fewer than all the parties.'" *In re Diet Drugs*, 401 F.3d at 158.

The Court's November 8, 2019 Order could not be final at the time it was entered because a determination had not been made regarding which claimants had met the requirements to participate in the second aggregate settlement and whether the settlement would become binding. *See* Aff. of Brett A. Emison at ¶ 7. Thus, there remained the possibility that further court action would be required, including for those cases pending in the MDL, if the settlement fell through and the common benefit assessment could not be reduced to a definite amount. *Compare In re Avandia*, 617 Fed. Appx. at 140 (holding that fee award was final and appealable under 28 U.S.C. § 1291 where the firm settled all of its claims, the settlement was final, there was nothing left to be done in the cases at issue, and the payment obligation could be reduced to a definite amount) *with In re Diet Drugs*, 401 F.3d at 156-57.

Even after the second aggregate settlement became binding on or about January 8, 2020, L&E continues to represent additional claimants with unfiled cases who were not encompassed by the two master settlement agreements subject to the November 8, 2019 Order. Further, there are other claimants not represented by L&E who have pending claims in the MDL not subject to a settlement or who have claims included in different settlements subject to separate motions for

6

declaratory judgment filed in this Court regarding the MDL common benefit assessment which have not yet been ruled on. *See, e.g.*, Mot. for Declaratory J. on Assessments for Missouri State-Court Filed and Unfiled Cases, *GM Ignition Switch*, Case No. 14-MD-2543 (S.D.N.Y. Nov. 6, 2019) (ECF 7368); Mot. for Declaratory J. on Assessments for State Filed and Unfiled Cases, *GM Ignition Switch*, Case No. 14-MD-2543 (S.D.N.Y. Nov. 14, 2019) (ECF 7398).

Accordingly, because further and additional action by this Court regarding additional common benefit assessment issues and the unsettled MDL cases is expected, the Order clearly did not dispose of all claims or the rights and liabilities of all parties and therefore is not final and appealable pursuant to 28 U.S.C. 1291. *Cf. In re Diet Drugs*, 401. F.3d at 156, 158. L&E thus seeks Rule 54(b) certification now that its second aggregate settlement has become binding, the number of settlement participants is known, and the fee award can be reduced to a definite amount.

### B.     Certification Pursuant to Rule 54(b) is Appropriate and Warranted

Certification of the Court's November 8, 2019 Order pursuant to Rule 54(b) is appropriate and warranted here because the Court has disposed of the common benefit assessment issue as to the parties subject to the Order and there is no just reason for delay. *See Campbell v. Westmoreland Farm, Inc.*, 403 F.2d 939, 941–42 (2d Cir. 1968). As enunciated by the United States Supreme Court, in making a Rule 54(b) determination, a district court must first determine that it is dealing with a "final judgment." *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980). The order to be certified must be a "judgment" in the sense that it is a decision upon a cognizable claim for relief, and it must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." *Id.* (citing *Sears, Roebuck & Co. v. Mackey*, 351

U.S. 427, 436 (1956)). As a supplement to this inquiry, it must be shown that the ruling disposes of "at least a single substantive claim." *Acha v. Beame,* 570 F.2d 57, 62 (2d Cir.1978).

Second, after finding finality, the district court must determine that there is no just reason to delay entry of final judgment pertaining to that party or claim. *Curtiss-Wright Corp.,* 446 U.S. at 8. In determining whether there are just reasons for delay, it is proper for the district court "to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals." *Curtiss-Wright Corp.*, 446 U.S. at 8. A claim is distinct from the remaining claims and thus separable "if it involves at least some factual and legal questions that are distinct from those remaining before the district court." *United Bank of Kuwait PLC v. Enventure Energy Enhanced Oil Recovery Assocs.--Charco Redondo Butane*, 763 F. Supp. 729, 731 (S.D.N.Y. 1990) (citing *Hudson River*, 891 F.2d at 418; *Cullen v. Margiotta*, 811 F.2d 698, 711 (2d Cir.), cert. denied sub nom., *Nassau County Republican Committee v. Cullen*, 483 U.S. 1021 (1987)).

"Even when a claim is separable, the just reasons for delay inquiry requires a balancing of judicial administrative interests and the equities involved." *Id.* (citations omitted). Although the Supreme Court has refused to establish bright-line rules governing Federal Rule 54(b) certification, *see Curtiss-Wright Corp.*, 446 U.S. at 10-11, consideration of judicial administrative interests "is necessary to assure that application of the Rule effectively 'preserves the historic federal policy against piecemeal appeals[,]'" *id.* at 8. Regarding the latter, some courts have commented that "there must be some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Campbell*, 403 F.2d at 942.

"In certifying questions for appeal under Rule 54(b), the district court acts as the 'dispatcher' in determining when each final decision is ready for appeal." *Campbell*, 403 F.2d at 942 (citing *Mackey*, 351 U.S. at 435). The Supreme Court has reasoned that "the task of weighing and balancing competing factors is peculiarly one for the trial judge, who can explore all facets of the case." *Id.* The district court must make an express determination as to both factors—whether the judgment may be deemed final and whether there is no just reason for delay—and direct entry of judgment for Rule 54(b) certification. *Mackey*, 351 U.S. at 435; *United Bank of Kuwait*, 763 F. Supp. at 731.

First, this Court may deem the Order a final judgment pursuant to Rule 54(b). Although fewer than all parties in the MDL, and thus fewer than all the claims, were disposed of in the Court's November 8, 2019 Order, the Order has now fully disposed of all claims of the parties encompassed by the Order. The settlements as to those parties became binding and the fee amount specified in the Order became determinable on or about January 8, 2020. The binding settlements effectively ended the litigation of the claims on the merits, and the Order leaves nothing for the Court to do but execute the judgment. Thus, the November 8, 2019 Order now is an ultimate disposition of the cases therein as to the common benefit assessment issue. *Cf. In re Avandia*, 617 Fed. Appx. at 140.

In the same vein, the claims are easily separable from the other claims that remain pending before the MDL, including those with pending motions related to the common benefit assessment, as those cases were not submitted to the Court for appointment of a Special Master or establishment of a trust fund and thus the factual and legal questions involved "are distinct from those remaining before the district court." *See United Bank of Kuwait PLC*, 763 F. Supp. at 731; *see also Curtiss-Wright Corp.*, 446 U.S. at 8. L&E is unaware of any other firms that have brought a motion for

9

declaratory judgment regarding the common benefit assessment on state filed and unfiled claims that had been submitted to the Court for appointment of a special master and establishment of a trust.

For additional reasons, there is no just reason to delay the appeal of the parties subject to the Order. Allowing an appeal of the Order would not be contrary to judicial administrative interests. There is no further action to be taken as to the common benefit assessment issue in the L&E cases subject to the November 8, 2019 Order now that the claimants who have met the requirements to move forward with the settlements have been finalized. Further, because the settlements have become binding, the only remaining steps in these claims are those required to finalize the funds to be disbursed. No further action by the Court is anticipated regarding the cases subject to the Order. Accordingly, piecemeal appeals are unlikely to result from the allowance of an appeal of the Order. *See Curtiss-Wright Corp.*, 446 U.S. at 8.[5]

Regarding the second consideration, the failure to certify the November 8, 2019 Order pursuant to Rule 54(b) would only serve to unjustifiably delay the determination of this issue and the payment of funds to L&E and its claimants for almost a year or more.[6] *See United Bank of Kuwait PLC*, 763 F. Supp. at 731; *Campbell*, 403 F.2d at 942. In fact, were L&E to be allowed to appeal this Order now, and in the event the Court's decision is overturned, it will be more readily

---

[5] L&E has no pending requests for the Court to appoint a Special Master or establish a settlement trust for its remaining aggregate settlement.

[6] Even if L&E were to request this Court similarly appoint a Special Master, establish a qualified settlement trust, and supervise that trust in its most recent aggregate settlement, the claimants bound in L&E's most recent aggregate settlement will not be finalized for several months. A determination as to the claimants who meet the requirements to proceed in the settlement was not made until over 12 months after L&E's September 2018 aggregate settlement and until approximately 11 months after L&E's February 2019 aggregate settlement. *See* Aff. of Brett A. Emison at ¶ 3-8.

In addition to the fact that the finalization of the claimants bound by L&E's most recent aggregate settlement is not expected to occur for almost a year, L&E cannot be certain of whether other firms representing claimants whose settlements have been submitted to the Court for reasons such as appointment of a Special Master or establishment of a trust fund will move for declaratory judgment with regard to their state-court or unfiled claims or when such settlements or judgments would be final.

apparent whether the Court's decision should be applied if future motions related to the common benefit assessment are brought for cases submitted to the Court for appointment of a special master or to establish a qualified settlement trust. If the Court's decision is upheld, it would likely result in the deterrence of future motions related to the common benefit assessment on unfiled or state-filed cases submitted to the Court for such appointment and establishment, leading to efficiency. Certifying the Order for appeal now would avoid protracted litigation. Accordingly, this Court may also find that there is no just reason for delay.

## II.    This Court Should Also Enter a Separate Document Entering Final Judgment Pursuant to Rule 58

L&E also requests the Court enter its decision in a separate document in accordance with Rule 58. "Rule 58 requires that every judgment be set forth on a separate document, and it provides that a judgment is not effective unless entered as provided in Fed.R.Civ.P. 79(a)." *Ellender v. Schweiker*, 781 F.2d 314, 317 (2d Cir. 1986). Rule 58(a) provides:

> Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for an order disposing of a motion:
>> (1) for judgment under Rule 50(b);
>> (2) to amend or make additional findings under Rule 52(b);
>> (3) for attorney's fees under Rule 54;
>> (4) for a new trial, or to alter or amend the judgment, under Rule 59; or
>> (5) for relief under Rule 60.

"Rule 79(a) provides, in pertinent part, that the clerk of the court is to enter a judgment in the civil docket for the case, briefly showing its substance and date of entry. The purpose of these requirements is to enable a party to know when the court regards the case as closed and intends that no further action be taken, and thus to know when the time to appeal has commenced to run." *Ellender*, 781 F.2d at 317 (citations omitted). While the separate document requirement may be waived, the Second Circuit has cautioned that it would not encourage the practice. *Turner v. Air Transp. Lodge 1894 of Int'l Ass'n of Machinists & Aerospace Workers, AFL-CIO*, 585 F.2d 1180,

11

1182 (2d Cir. 1978). Instead, the Second Circuit suggests that "where the District Court makes a decision intended to be 'final' (28 U.S.C. s 1291), the better procedure is to set forth the decision in a separate document called a judgment." *Turner*, 585 F.2d at 1182. Under Rule 58(d), a party may request that judgment be set out in a separate document as required by Rule 58(a).

As this Order was not any of those listed as an exception in Rule 58, it must be set out in a separate document to be deemed an effective judgment. Additionally, pursuant to Rule 79, the judgment is to be entered in the docket. These requirements have not occurred here. Because L&E believes that this Order may be certified under Rule 54(b) now that the settlements subject to the Order are binding and the fee amounts are determinable, effectively concluding the possibility of further litigation as to those claimants, L&E requests the Court enter a separate document of final judgment as to its November 8, 2019 Order.

For these reasons, L&E requests this Court certify the Order as final and that there is no just reason for delay pursuant to Rule 54(b) and enter a separate document noting as such pursuant to Rule 58.

## <u>CONCLUSION</u>

Because this Court's November 8, 2019 Order may now be certified as final and there is no just reason for delay, L&E requests that this Court certify its Order pursuant to Rule 54(b). L&E also requests entry of such judgment in a separate document in accordance with Rule 58.

Respectfully submitted,

**LANGDON & EMISON LLC**

By: /s/Brett Emison
Brett Emison, MO Bar #52072
Langdon & Emison LLC
911 Main Street, P.O. Box 220
Lexington, MO 64067
Telephone: (660) 259-6175
Telefax: (660) 259-4571
brett@lelaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2020, I electronically filed the foregoing with the clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/Brett Emison